IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20413
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES FELTON HARRIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-588-2)
- - - - - - - - - -
March 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles Felton Harris pleaded guilty to maintaining a place for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856(a)(1). He appeals his sentence, arguing that the district court erred in denying his motion for a continuance of sentencing to allow him additional time to cooperate with the government.

The government counters that, pursuant to the terms of his plea agreement, Harris has waived his right to appeal this issue.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even though it appears clear that Harris knowingly waived his right to appeal his sentence on the grounds he now advances, we assume _arguendo_ that his waiver does not bar his appeal of the sentence imposed and proceed to consider his appeal on the merits. When we do so we conclude that Harris has failed to establish that the district court abused its discretion in denying his second motion for a continuance or that this denial caused him prejudice. See United States v. Peden, 891 F.2d 514, 519 (5th Cir. 1989). The district court granted Harris's prior motion for a continuance, and the denial of his second motion did not prevent him from providing substantial assistance to the government. Under the terms of the plea agreement, the government retained the discretion to move for a downward departure if it determined that Harris had provided substantial assistance. Harris's sentencing did not preclude the government from making such a motion. See FED. R. CRIM. P. 35(b). Harris's sentence is

AFFIRMED.